## N. Santini & Co., Demandante y Apelante, *v.* Santini, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre daños y perjuicios.

No. 2546.—Resuelto en diciembre 23, 1922.

*Nonsuit*—Sentencia por los Méritos.—Declarada sin lugar una moción de *non-suit* el demandado tomó excepción y renunció a presentar prueba. *Se resolvió:* que esto equivalía a someter el caso por los méritos de la prueba del demandante y no cometió error la corte inferior al considerar el caso por sus méritos, ni hubo inconsistencia al hacerlo después de haber declarado sin lugar la moción de *nonsuit.*

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Vendrell.*

Abogado del apelado: *Sr. A. L. López.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La demandante apela de una sentencia que declara sin lugar la demanda y alega lo siguiente:

1° Que la corte inferior erró al considerar en conjunto la prueba de la demandante después de haber denegado la moción de *nonsuit,* sin que el demandado hubiese sometido el caso a la consideración del tribunal para su sentencia final en el fondo.

2° Que la corte inferior erró al aplicar indebidamente los artículos 292 y 293 del Código de Comercio.

3°. Que la corte inferior erró al dictar sentencia declarando sin lugar la demanda porque tal sentencia es contraria a la prueba.

El primer señalamiento en la forma en que ha sido alegado envuelve una premisa falsa. Después de haber sido declarada sin lugar la moción de *nonsuit* el demandado tomó excepción y rehusó presentar ninguna prueba. Esto en efecto era una sumisión del caso por los méritos de la prueba ya presentada por la demandante y así fué debidamente considerada por la corte inferior.

La moción de *nonsuit* era a manera de una excepción previa a la prueba y para los fines de la moción admitía la veracidad de la prueba de la demandante. La corte al resolver esta moción aceptó necesariamente esta prueba como cierta sin tratar de resolver sobre su valor probatorio en relación con la credibilidad de los testigos según aparecía de la forma de sus declaraciones, contradicciones, inconsistencias en sus manifestaciones, o como resultado de un exámen cuidadoso a la luz de todas las circunstancias concurrentes. La única cuestión así promovida fué si la prueba, de ser cierta, y dando a la demandante el beneficio de toda duda en este sentido, fué o no suficiente para establecer un caso *prima facie,* y por consiguiente para sostener una sentencia. Se infiere, pues, que no hubo ningún error o incompatibilidad por parte del juez sentenciador al proceder a considerar el caso por sus méritos después de declarar sin lugar la moción de *nonsuit.*

Las cuestiones que se levantan en los otros dos señalamientos de error como han sido argumentados en el alegato de la apelante se dirigen únicamente al peso de la prueba.

No obstante el hecho de que la apelante ha asumido más bien que demostrado el fundamento de la conclusión a que ha llegado en su alegato, hemos examinado la prueba con cierto cuidado y después de dicho exámen no podemos decir que las conclusiones del juez sentenciador son manifiestamente erróneas.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.